FISHERBROYLES LLP
Rob L. Phillips, Bar No. 175354
rob.phillips@fisherbroyles.com
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone:  702-518-1239

FISHERBROYLES LLP (Pro Hac Vice to be filed)
Tiffany N. Comprés, LL.M., FCIArb
tiffany.compres@fisherbroyles.com
1221 Brickell Ave., Suite 900
Miami, Florida 33131
Telephone:  305-342-2957

*Attorneys for Plaintiff,*
FRUGLOBE S.A.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRUGLOBE S.A.C., a Peruvian private closed corporation<br>Plaintiff,<br><br>v.<br><br>ECO FARMS TRADING OPERATIONS, LLC, a California limited liability company,<br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1)   BREACH OF GROWERS' AGENT AND COMMISSION MERCHANT DUTIES (7 U.S.C. § 499b(4));**<br><br>**(2)   FAILURE TO ACCOUNT (7 U.S.C. § 499b(4));**<br><br>**(3)   DUMPING WITHOUT REASONABLE CAUSE (7 U.S.C. § 499b(3);**<br><br>**(4)   OPEN BOOK ACCOUNT; and**<br><br>**(5)   BREACH OF DUTY OF CARE (Cal. Food & Agric. Code §56283)**<br><br>**(6)   BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY STATEMENT**

1.    Plaintiff FRUGLOBE S.A.C. ("Fruglobe") hereby sues Defendants, ECO FARMS TRADING OPERATIONS, LLC ("Eco Farms"), and alleges as follows:

2.    This is an action against Eco Farms (1) to enforce Fruglobe's statutory PACA rights under the Perishable Agricultural Commodities Act of 1930 (the "PACA"), 7 U.S.C. § 499e(c), including the PACA regulations promulgated thereunder by the U.S. Department of Agriculture ("USDA"), 7 C.F.R. § 46.46, (2) for an open book account, (3) for breach of the duty of care under Cal. Food & Agric. Code §56283, and (4) for breach of contract.

**PARTIES**

3.    Plaintiff, Fruglobe, is a Peruvian entity, with its principal place of business at Jr. Joaquin Bernal No. 409 int. 301, Lince, Lima, Peru. Fruglobe is in the business of growing and exporting perishable agricultural commodities (i.e., fresh produce) to the United States.

4.    Defendant Eco Farms is a California limited liability company, with its principal place of business at 28790 Las Haciendas Street, Temecula, California 92590. Eco Farms is in the business of importing and distributing perishable agricultural commodities and operates under PACA license number 20141159, issued by the USDA.

109516352v1                                        COMPLAINT

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction of this civil action under the PACA, 7 U.S.C. § 499e(c)(5) and because the PACA presents a Federal question pursuant to 28 U.S.C. § 1331. The Court also has supplemental subject matter jurisdiction of Fruglobe's state law claims pursuant to 28 U.S.C. § 1367 as the state causes of action are so related to Federal claims that they form part of the same case or controversy.

6.      This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k) and California Code of Civ. Pro. § 410.10 because the Defendant is a citizen of this State and has its principal place of business or residence, as the case may be, in this State.

7.      Venue is proper in this District under 28 U.S.C. § 1391(B)(1) because the Defendant resides in this District.

8.      Eco Farms is engaged in the business of importing and distributing wholesale quantities of perishable agricultural commodities in interstate commerce and therefore, is a dealer," "broker," and\or "commission merchant" under PACA.

9.      Eco Farms is also "growers' agent" as defined under PACA regulations at 7 C.F.R. § 46.2(q) because it operated at shipping point and distributed produce in commerce on behalf of growers such as Fruglobe.

109516352v1                                                          COMPLAINT

**FACTUAL BACKGROUND**

10.    In or around June 2020, Fruglobe and Eco Farms entered into a verbal agreement (the "Agreement") whereby Fruglobe would send to Eco Farms, and Eco Farms would market, on behalf of Fruglobe, haas avocados (the "Product").

11.    Jean-Claude Mercier ("Mercier"), for Fruglobe, and Steve Taft ("Taft"), for Eco Farms, corresponded via text for several months before Fruglobe agreed to send the first shipment of the Product.

12.    Eco Farms did not memorialize the agreement between Fruglobe and Eco Farms in a written contract or statement.

13.    The Products sold by Fruglobe to Eco Farms were intended to and did enter the stream of interstate commerce.

14.    As a consignment of perishable agricultural commodities between a grower (Fruglobe) and its agent (Eco Farms), the transaction between the parties is governed by PACA. PACA includes not only regulations for fair trade of fresh produce, such as requiring timely payment, but it also requires that growers' agents such as Eco Farms fulfill certain duties in their relationship to their grower, such as, *inter alia*,

    a.  to get the best possible price for the grower's produce;

    b.  not to allow a price adjustment unless such adjustment was warranted as shown by a timely inspection or permission from the grower;

- 4 -

COMPLAINT

c.  to reduce any verbal agreement for consignment to writing,

d.  to keep the grower up to date on the status of the market so the grower can make informed decisions,

e.  to maintain records under specific provisions of PACA,

f.  to not re-consign product without express permission.

15.    In particular, it is considered "unfair conduct" under PACA 7 U.S.C. § 499(b) for any commission merchant such as Eco Farms "to make, for a fraudulent purpose, **any false or misleading statement** in connection with any transaction involving any perishable agricultural commodity which is received in interstate or foreign commerce by such commission merchant, . . . or to **fail or refuse truly and correctly to account** and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; **or to fail, without reasonable cause, to perform any specification or duty, express or implied**, arising out of any undertaking in connection with any such transaction." 7 U.S.C. § 499b(4) (emphasis added).

16.    The duties that Eco Farms was required to perform, as referenced in 7 U.S.C. § 499b(4), include those laid out in the corresponding portions of the Code of Federal Regulations and the common law, including, but not limited to:

   a.  a duty under 7 C.F.R. § 46.32(a) to memorialize its agreement with

       Fruglobe in a written contract or at a bare minimum a written

       statement; and

   b.  a duty to obtain consent from Fruglobe before dumping any produce

       it received from Fruglobe.

17.    On or about June 30, 2020, Fruglobe made the first shipment of Product

to Eco Farms with container number MSDU9029350 (the "<u>First Shipment</u>"). A true

and correct copy of the bill of lading ("<u>BL</u>") for this shipment is attached hereto as

**Exhibit A**.

18.    Before loading, this shipment was inspected. A true and correct copy of

the pre-shipment inspection report for this container is attached hereto as **Exhibit B**.

19.    The First Shipment was imported to the United States on July 9, 2020.

20.    Eco Farms accepted the delivery of the First Shipment without

complaint.

21.    On July 9, 2020, Mercier texted Taft as follows:[1]

> *[2020-07-09, 9:09:16 AM] Jean-Claude [Fruglobe]: you*
> *got the first container in warehouse?*
> *[**2020-07-09**, 9:12:20 AM] Steve Taft [Eco Farms]: Yes it*
> *came yesterday have not gotten USDA or decco report*
> *yet. Market is terrible **<u>prices are 15-25</u>***

---

[1] A true and correct copy of this Whatsapp transcript is attached hereto as **Exhibit N**.

COMPLAINT

22.   On July 13, 2020, Mercier texted Taft as follows:

> *[2020-07-13, 12:32:25 PM] Jean-Claude [Fruglobe]:*
> *what are our sales at right now?*
> *...*
> *[**2020-07-13**, 4:00:29 PM] Steve Taft [Eco Farms]: **18-22**
> **would capture all sizes** still real slow ...*

23.   On or about July 13, 2020, Fruglobe made the second shipment of Product to Eco Farms with container number BMOU9611640 (the "Second Shipment"). A true and correct copy of the BL for this shipment is attached hereto as **Exhibit C**.

24.   Before loading, this shipment was inspected. A true and correct copy of the pre-shipment inspection report for this container is attached hereto as **Exhibit D**.

25.   On or about July 17, 2020, the Second Shipment was imported to the United States.

26.   Eco Farms accepted delivery of the Second Shipment without complaint.

27.   On or about July 18, 2020, Fruglobe made the third shipment of Product to Eco Farms with container number MEDU9641414 (the "Third Shipment"). A true and correct copy of the BL for this shipment is attached hereto as **Exhibit E**.

28.   Before loading, this shipment was inspected. A true and correct copy of the pre-shipment inspection report for this container is attached hereto as **Exhibit F**.

29.     The Third Shipment was imported to the United States on July 22, 2020.

30.     Eco Farms accepted the delivery of the Third Shipment without complaint.

31.     On July 23, 2020, Mercier texted Taft as follows:

> *[2020-07-23, 3:31:43 PM] Jean-Claude [Fruglobe]:*
> *what sales are we at this week for peruvian?*
> ***[2020-07-23***, *3:32:40 PM] Steve Taft [Eco Farms]: Has*
> *not changed unfortunately **15-20 is kind of range** …*

32.     On or about July 30, 2020, Fruglobe made the fourth shipment of Product to Eco Farms with container number MEDU9602188 (the "Fourth Shipment"). A true and correct copy of the BL for this shipment is attached hereto as **Exhibit G**.

33.     Before loading, this shipment was inspected. A true and correct copy of the pre-shipment inspection report for this container is attached hereto as **Exhibit H**.

34.     On or about August 13, 2020, the Fourth Shipment was imported to the United States.

35.     Eco Farms accepted delivery of the Fourth Shipment without complaint.

36.     On or about July 30, 2020, Fruglobe made the fifth shipment of Product to Eco Farms with container number MEDU9637461 (the "Fifth Shipment"). A true and correct copy of the BL for this shipment is attached hereto as **Exhibit I**.

- 8 -

109516352v1                                                          COMPLAINT

37.    Before loading, this shipment was inspected. A true and correct copy of the pre-shipment inspection report for this container is attached hereto as **Exhibit J**.

38.    On or about August 13, 2020, the Fifth Shipment was imported to the United States.

39.    Eco Farms accepted delivery of the Fifth Shipment without complaint.

40.    Fruglobe emailed Eco Farms in advance of each shipment (which takes on average 14 days to arrive) and provided paperwork necessary to pass Customs and Border Protection ("CBP") as well, details of each shipment including amount of product and estimated pricing.

41.    Eco Farms never responded to these emails.

42.    Eco Farms did not timely inform Fruglobe that any Product arrived in poor condition or was of poor quality.

43.    Eco Farms never informed Fruglobe that Fruglobe should stop sending Product.

44.    Ultimately, Respondent liquidated the product at prices as low as $1.49, with negative total returns, as demonstrated in the chart below.

| Containers (5) | Shipment | Import Date | Avg sale price | USDA Market Report Price (Median) |
|---|---|---|---|---|
| | | | | |

109516352v1

COMPLAINT

| | | | | |
|---|---|---|---|---|
| MSDU9029350 | #1 | 7/9/2020 | $14.30 | $29.00[2] |
| BMOU9611640 | #2 | 7/17/2020 | $10.00 | $18.00[3] |
| MEDU9641414 – First Liquidation | #3 | 7/22/2020 | $1.49 | $22.50[4] |
| MEDU9641414 – Revised Liquidation | #3 | 7/22/2020 | $6.00 | $22.50 |
| MEDU9602188 – First Liquidation | #4 | 8/13/2020 | $3.08 | $18.00 |
| MEDU9602188 – Revised Liquidation | #4 | 8/13/2020 | $4.00 | $18.00 |
| MEDU9637461 – First Liquidation | #4 | 8/13/2020 | $3.08 | $18.00 |
| MEDU9637461 – Revised Liquidation | #4 | 8/13/2020 | $4.00 | $18.00 |

45.     There are two results for Shipments #3 and #4 because Eco Farms provided two sets of liquidations for Shipments #3 and #4 – the "official" liquidations (attached hereto as **Exhibit K**), and the "true" liquidations (attached hereto as **Exhibit L**), which reflected significant dumping.

46.     Eco Farms further provided a "dumping report" (attached hereto as **Exhibit M**) that makes little sense.

47.     Despite numerous requests for additional accounting and documentation to substantiate charges and sales prices, as Eco Farms is required to maintain under PACA, Eco Farms has refused to provide any additional documentation.

---

[2] This arrival fell on a Sunday, this assumes the product went to market Monday.
[3] As the 17th was a Friday, this assumes the product went to market Monday the 20th.
[4] The remaining figures assume the product went to market the following day.

109516352v1

COMPLAINT

48.    Eco Farms failed to maintain an adequate accounting as required under PACA.

49.    Eco Farms also failed to conduct prompt inspections of the Product on arrival to show the percentage of condition defects, if any.

50.    The liquidations and dumping reports are the only documents Eco Farms has provided to date to Fruglobe to substantiate its returns and charges.

51.    Interestingly, the dumping reports seem to indicate that Eco Farms dumped over 50% of the Product without Fruglobe's consent:

| Container | Import Date | Total Boxes | Dumped |
|---|---|---|---|
| MSDU9029350 | 7/9/2020 | 1920 | 1632 |
| BMOU9611640 | 7/17/2020 | 1920 | 990 |
| MEDU9641414 | 7/22/2020 | 1920 | 1536 |
| MEDU9602188 | 8/13/2020 | 1920 | 576 |
| MEDU9637461 | 8/13/2020 | 1920 | 96 |
| **TOTAL** | | **9600** | **4830** |

52.    Eco Farms dumped the Product without reasonable cause to destroy the Product, in violation of 7 U.S.C. § 499b(3).

53.    Eco Farms never requested authorization from Fruglobe to dump any Product.

54.    Fruglobe never gave Eco Farms authorization to dump the Product.

109516352v1                                                          COMPLAINT

55.     As a result of Eco Farms' failure to pay, Fruglobe initiated an informal complaint against Eco Farms with the USDA on November 13, 2020 and was assigned case number PACA R-2021-0134.

56.     Eco Farms participated in the informal complaint process, responding to the informal complaint through its counsel on January 12, 2021.

57.     Fruglobe filed its reply on February 23, 2021, and the USDA issued its analysis letter in favor of Fruglobe on March 3, 2021, a true and correct copy of which is attached hereto as **Exhibit O**.

58.     Despite the USDA's advisory ruling, Eco Farms refuses to provide additional information substantiating its additional charges and dumping or to pay the sums due.

59.     When compared to the contemporaneous USDA Market News Service reports, even using only the median price per box, it becomes clear that Eco Farms owes Fruglobe at a minimum **USD $202,560** for the Product.

60.     All conditions precedent, including demand, to this action have occurred, been satisfied, and/or have been waived.

61.     Fruglobe has been forced to retain legal counsel to represent it in this civil action and has agreed to pay the law firm's attorneys' fees. Fruglobe will not receive full payment on the sales of Product to Eco Farms, as required by PACA, 7

U.S.C. § 499e(c), if Fruglobe must expend and not recover part of said payment in attorneys' fees, costs, and loss of interest. Further, attorneys' fees are permitted in this case because the allegations include an open book account.

### FIRST CLAIM FOR RELIEF
### BREACH OF GROWERS' AGENT AND COMMISSION MERCHANT DUTIES
### (PACA 7 U.S.C. § 499b(4))

62.    Fruglobe realleges paragraphs 1 and 3-61, as if fully set forth herein.

63.    PACA, 7 U.S.C. § 499b(4), imposes a duty on commission merchants, such as Eco Farms, to perform each specification or duty, *express or implied*, arising out of its produce transactions (emphasis added).

64.    PACA, 7 U.S.C. § 499e(a) states that if a commission merchant violates any provision of 7 U.S.C. § 499b, then the commission merchant "shall be liable to the person … injured thereby for the full amount of damages . . . sustained in consequence of such violation."

65.    PACA defines the duties applicable to growers' agents and commission merchants in the implementing regulations. Specifically, 7 C.F.R. § 46.29(a) states that all PACA licensees "who accept produce for sale on consignment . . . are required to exercise reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner."

66.    § 46.29 and §46.32 also explicitly state that commission merchants and growers' agents such as Eco Farms "may be held liable for any financial loss and for other penalties provided by [PACA], due to his negligence or failure to perform any specification or duty, express or implied. . ."

67.    Express requirements of the commission merchant under § 46.29 include, *inter alia*:

        a.  A prohibition on re-consigning produce "without the specific prior authority of the consignor"; and

        b.  A prohibition on selling consigned produce "outside the market area where he is located without obtaining the permission of the consignor".

68.    As a growers' agent, Eco Farms was also bound by the express requirements of 7 C.F.R. § 46.32, which include a duty to reduce the agreement with the grower to a written contract or written statement sent to the grower, among others.

69.    Eco Farms breached its duties to Fruglobe by:

        a.  Failing to memorialize its agreement with Fruglobe in a written contract or at a bare minimum a written statement, as required under 7 C.F.R. § 46.32(a);

b.  Negligently failing to keep Fruglobe informed of the status of the market, which is one of its duties arising from the transaction under 7 C.F.R. 46.32; and

c.  Re-consigning Product without Fruglobe's consent in violation of 7 C.F.R. §§ 46.32(c) and 46.29, causing double consignment charges; and

d.  Failing to pay for the Product it received from Fruglobe.

70.  Eco Farms' negligence and violations of its duties caused damage to Fruglobe in the form of double commission payments, below market pricing, and improper charges for expenses and costs, among others.

## SECOND CLAIM FOR RELIEF

## FAILURE TO ACCOUNT
### (PACA 7 U.S.C. § 499b(4))

71.  Fruglobe realleges paragraphs 1 and 3-61, as if fully set forth herein.

72.  PACA, 7 U.S.C. § 499b(4), imposes a duty on commission merchants, such as Eco Farms, to truly and correctly account for its produce transactions.

73.  The PACA regulations at 7 C.F.R. § 46.2(y)(1) define "truly and correctly account" to mean "rendering a true and correct statement showing the date of receipt and date of final sale, the quantities sold at each price, or other disposition

of the produce, and the proper, usual or specifically agreed upon selling charges and expenses properly incurred or agreed to in the handling thereof..."

74.    7 C.F.R. § 46.29 explicitly states that it is a violation of §499b "to fail to render true and correct accountings in connection with consignments" and that "charges which cannot be supported by proper evidence in the records of the commission merchant . . . shall not be deducted."

75.    7 C.F.R. § 46.32(b) further provides details on the accounting requirements for growers' agents, such as Eco Farms, including that "the agent shall prepare and maintain full and complete records on all details of such distribution to provide supporting evidence for the accounting."

76.    In addition, "sales tickets" must be prepared, and must bear printed serial numbers running consecutively, used in numerical order, and all sales tickets "shall be prepared and all details of the sale shall be entered on the tickets in a legible manner in order that an audit can be readily made." 7 C.F.R. § 46.19. Each sales ticket must show "the date of sale, the purchaser's name (so far as practicable), the kind, quantity, unit price, and the total selling price of the produce. Each sales ticket shall show the lot number of the shipment if the produce is being handled on consignment or on joint account." *Id*. Moreover, 7 C.F.R. § 46.32(a) mandates that a grower's agent "shall prepare and maintain complete records on all transactions in sufficient detail as to be readily understood and audited."

77.    PACA, 7 U.S.C. § 499e(a) further states that if a commission merchant violates any provision of 7 U.S.C. § 499b, then the commission merchant "shall be liable to the person … injured thereby for the full amount of damages . . . sustained in consequence of such violation."

78.    7 C.F.R. § 46.14 sets out the specific accounting requirements that Eco Farms was required to follow.

79.    Eco Farms has not provided Fruglobe with the dates of sales (which, if much later than the date of arrival, could account for the excessive dumping).

80.    Eco Farms has provided no contemporaneous documentation showing prices for each lot or any other required information under PACA.

81.    Eco Farms refuses to truly and correctly account to Fruglobe, despite numerous requests.

82.    Eco Farms' failure to truly and correctly account renders its accounting unreliable, making it impossible to determine whether Eco Farms exercised reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner.

83.    Eco Farms' refusal to truly and correctly account has caused Fruglobe to incur compensatory damages, plus prejudgment interest on late partial payments.

## **THIRD CLAIM FOR RELIEF**

## **DUMPING WITHOUT REASONABLE CAUSE**

### **(PACA 7 U.S.C. § 499b(3))**

84.     Fruglobe realleges paragraphs 1 and 3-61, as if fully set forth herein.

85.     Under 7 C.F.R. § 46.22-23, Eco Farms was required to obtain a dumping certificate to dump more than 5% of the Product unless there is a specific agreement to the contrary between the parties.

86.     7 C.F.R. § 46.23 requires that "a clear and compete record shall be maintained showing justification for dumping produce received . . . on consignment…"

87.     Further, 7 C.F.R. § 46.23 provides that "if five percent or more of a shipment is dumped, an official certificate, or other adequate evidence, shall be obtained to prove the produce was actually without commercial value, unless there was a specific agreement to the contrary between the parties."

88.     Eco Farms dumped at least 50% according to its own dumping reports.

89.     There was no agreement regarding dumping between Eco Farms and Fruglobe.

90.     Eco Farms has provided no evidence that the Product was actually without commercial value and has refused to provide the required certification under 7 C.F.R. § 46.23.

109516352v1                                                          COMPLAINT

91.     Fruglobe has been damaged by the unjustified dumping of over 50% of the Product it sent to Eco Farms.

### FOURTH CLAIM FOR RELIEF
### OPEN BOOK ACCOUNT

92.     Fruglobe realleges paragraphs 1, 3-47, and 49-61 as though set forth herein.

93.     Fruglobe sent Product to Eco Farms on the basis of an open book account, in which Fruglobe would advance the Product, Eco Farms would sell it, and send the payments to Fruglobe after subtracting expenses and its commission.

94.     The parties maintained a principle record of these transactions.

95.     Entries into the book were made in the parties' regular course of business, as Product was sent and sold, and payments to Fruglobe were made therefor.

96.     The records have been kept in a reasonably permanent form and manner in a computer record.

97.     The account book shows that Eco Farm has not made payments for Product Fruglobe sent to it.

98.     As a consequence, Fruglobe has been damaged in the amount of **USD $202,560**.

109516352v1                                                                    COMPLAINT

## **FIFTH CLAIM FOR RELIEF**

## **BREACH OF DUTY OF CARE**

### **(CAL. FOOD & AGRIC. CODE § 56283)**

99.    Fruglobe realleges paragraphs 1 and 3-61, as though set forth herein.

100.    The California Food and Agriculture Code § 56283 requires that commission merchants such as Eco Farms "exercise reasonable care and diligence in disposing of the product in a fair and reasonable manner."

101.    The California Food and Agriculture Code § 56281 further requires that:

> A commission merchant shall notify each consignor with whom he or she does business of the provisions affecting the consignor that are contained in Sections 56271, 56272, 56273, 56280, 56282, and 56351, and this section. **The notice shall be given in writing prior to the shipping season of the particular farm product**. The notice shall include a form whereby the consignor may request notice of any adjustment by the commission merchant. The form shall also include a provision whereby the consignor may request that lot numbers be affixed on each individual farm product container as provided in subdivision (h) of Section 56271. Each commission merchant shall keep the records necessary to prove that the notices were given to each consignor in accordance with this section. A licensee operating as a commission merchant shall notify the consignor of any adjustment on a transaction, and provide reasons for the adjustment, within 48 hours.

(emphasis added.)

102.    Eco Farms failed to follow the requirements of California Food and Agriculture Code § 56271 through 56283, including not only failure to account properly, but also failure to provide the notice required under § 56281.

109516352v1                                                                    COMPLAINT

103.   Eco Farms failed to exercise reasonable care and diligence in disposing of the Product in a fair and reasonable manner by settling for prices far below market value with no justification and without the consent of Fruglobe.

104.   Eco Farms' failures have cause damage to Fruglobe in the amount of at least USD $202,560.

<u>**SIXTH CLAIM FOR RELIEF**</u>
<u>**BREACH OF CONTRACT**</u>

105.   Fruglobe realleges paragraphs 1 and 3-61 as though set forth herein.

106.   Fruglobe and Eco Farms entered into a verbal agreement in which Fruglobe would send the Product to Eco Farms, and Eco Farms would sell it and send the payments to Fruglobe after subtracting expenses and its commission.

107.   Fruglobe performed as required, sending 5 containers of Product to Eco Farms.

108.   Eco Farms has refused to pay for the Product sent to it.

109.   As a consequence, Fruglobe has been damaged in the amount of <u>**USD $202,560**</u>.

**WHEREFORE**, Fruglobe prays for the following relief:

1.      That the Court enter a judgment in favor of Fruglobe and against Eco Farms on all claims alleged herein; and

- 21 -

2.      An award of award of damages, including general, punitive and exemplary damages, in an amount no less than USD $202,560 and an award of prejudgment and post-judgment interest; and

3.      That the Court order Eco Farms to pay to Fruglobe both the costs of this action and reasonable attorneys' fees incurred by Fruglobe in prosecuting this action, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  September 24, 2021          **FISHERBROYLES, LLP**

By:*/s/ Rob L. Phillips*
    Rob L. Phillips
    *Attorneys for Plaintiff*
    FRUGLOBE S.A.C.

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

Plaintiff Fruglobe S.A.C. demands trial by jury on each of its claims for relief triable before a jury.

Dated:  September 24, 2021        **FISHERBROYLES, LLP**


By:*/s/ Rob L. Phillips*
    Rob L. Phillips
    *Attorneys for Plaintiff*
    FRUGLOBE S.A.C.

109516352v1

COMPLAINT